# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| STACEY BRIDGES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>J.C. POE, JR., *et al.*, )<br>)<br>Defendants. ) | 7:19-cv-00529-LSC |
| CHARITY TESSENER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>J.C. POE, JR., *et al.*, )<br>)<br>Defendants. ) | 7:19-cv-01314-LSC |
| JESSICA RAINER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>J.C. POE, JR., *et al.*, )<br>)<br>Defendants. ) | 7:19-cv-01392-LSC |

| WHITLEY GOODSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | 6:19-cv-01399-LSC |
| J.C. POE, JR., *et al.*, | ) | |
| Defendants. | ) | |

| MEGAN DUNN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | 7:19-cv-01571-LSC |
| J.C. POE, JR., *et al.*, | ) | |
| Defendants. | ) | |

| ALLISON MANN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | 7:19-cv-01961-LSC |
| J.C. POE, JR., *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OF OPINION**

Before the Court are Defendant Alabama Municipal Insurance Corporation's ("AMIC") Motions to Dismiss for Lack of Subject Matter Jurisdiction in four of the above-referenced actions (doc. 21 in *Tessener v. Poe et al.*, 7:19-cv-01314-LSC; doc. 20 in *Rainer v. Poe et al.*, 7:19-cv-01392-LSC; doc. 6 in *Goodson v. Poe et al.*, 6:19-cv-

01399-LSC; and doc. 18 in *Dunn v. Poe et al.*, 7:19-cv-01571-LSC). The motions are fully briefed and ripe for decision. For the reasons stated below, the motions are due to be granted.

I. **BACKGROUND**[1]

This consolidated matter comprises six separate actions brought by six individual plaintiffs against similar defendants and involving similar factual allegations and legal theories, all of which center on alleged systemic sexual harassment, abuse, and rape of female pretrial detainees at the Jasper City Jail. AMIC is an insurance company that has issued policies providing coverage for the City of Jasper and individual municipal employees named in this action.

The first case filed in federal court was *Bridges v. Poe et al.*, 7:19-cv-00529-LSC ("*Bridges*"), brought by Stacey Bridges ("Bridges") against the City of Jasper, Chief of Police J.C. Poe, Jr. ("Poe"), Jail Supervisor Deborah Johnson ("Johnson"), and Jailor Dennis Buzbee ("Buzbee")[2]. Bridges brings multiple claims under 42 U.S.C.

---

[1] The following facts are taken from the Plaintiffs' complaints and AMIC's motions to dismiss, and the Court makes no ruling on their veracity.

[2] Bridges's complaint and amended complaint list this Defendant's name as "Dennis Busby." However, this Court recently granted Bridges's motion to amend her complaint to correct the spelling to "Dennis Buzbee." As explained below, "Dennis Buzbee" is also the spelling reflected in a pending state court action involving these parties. Thus, this Court will refer to this Defendant as "Dennis Buzbee" without endorsing any view as to the correct spelling of his name.

§ 1983 and Alabama tort law regarding the alleged sexual harassment, abuse, and rape she experienced at the Jasper City Jail. After *Bridges* was filed, AMIC commenced a declaratory judgment action in the Circuit Court of Walker County, Alabama, Case Number CV-2019-900233.00 (the "state court action"),[3] naming as Defendants Poe, Johnson, Buzbee, and Bridges. In the state court action, AMIC seeks a declaration that it has no duty to defend or indemnify the City of Jasper or its employees in *Bridges*. AMIC alleges that it issued an insurance policy to the City of Jasper providing coverage for, among other things, claims or suits for damages against City employees who were engaged in law enforcement activities. The policy excludes from coverage intentional conduct and claims or suits for damages arising out of sexual abuse or molestation. AMIC's position is that every theory of liability and claim for damages in *Bridges* is specifically excluded from coverage.

After the filing of *Bridges* and the state court action, the other Plaintiffs—Tessener, Rainer, Goodson, Dunn, and Mann—filed their respective actions in

---

[3] This Court takes judicial notice of the state court action and the filings therein. "A district court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either (1) 'generally known within the trial court's territorial jurisdiction' or (2) 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Grayson v. Warden, Comm'r, Ala. Dep't of Corr.*, 869 F.3d 1204, 1224–25 (11th Cir. 2017) (quoting Fed. R. Evid. 201(b)).

Further, it appears to the Court that a motion to transfer venue to the Circuit Court of Tuscaloosa County was filed in the state court action, but it has not yet been ruled on.

federal court, each of which names AMIC as a Defendant.[4] Other Defendants include the City, Poe, Johnson, and individual members of the Jasper Civil Service Board. Like in *Bridges*, each Plaintiff brings multiple claims under 42 U.S.C. § 1983 as well as Alabama tort law regarding the alleged sexual harassment, abuse, and rape they experienced at the Jasper City Jail. In addition, each Plaintiff alleges that AMIC is a shell corporation with no real employees, and that AMIC is merely the alter ego of the Alabama League of Municipalities and a "fronting" company for AMIC's "so-called reinsurers." (*See, e.g.*, doc. 1 at 34 in *Goodson v. Poe et al.*, 7:19-cv-01399-LSC.) Each Plaintiff brings two claims against AMIC: (1) an action for declaratory judgment, seeking a declaration that AMIC has a duty to defend and indemnify the other Defendants in this matter (Count IX); and (2) a "Contingent Claim for Money Damages" (Count X), where each Plaintiff alleges that she is entitled to a money judgment against AMIC upon proof that she is entitled to damages from any of the other Defendants. (*See, e.g.*, *id.* at 52.) Each Plaintiff further alleges in Count X that AMIC is "a shell or sham corporation without employees and under the control of the City [of Jasper] and other members of the Alabama League of Municipalities," and she therefore requests a declaration that she is an "assignee of AMIC's rights

---

[4] AMIC has not filed a motion to dismiss in *Mann v. Poe et al.*, 7:19-cv-01961-LSC. It appears to the Court that Mann has not yet obtained service over any of the Defendants, including AMIC.

under AMIC's reinsurance agreements or treaties, such that Plaintiff may have a recovery on a cut-through basis." (*See, e.g.*, *id.* at 52–53.) At a hearing in this matter on January 16, 2020, AMIC represented to the Court through counsel that it intends to add the other Plaintiffs—Tessener, Rainer, Goodson, Dunn, and Mann—as parties to the state court action if AMIC is dismissed from this federal action.

AMIC moved this Court under Fed. R. Civ. P. 12(b)(1) to dismiss the claims against it for lack of subject matter jurisdiction. Responses were filed in the *Tessener* and *Rainer* matters, arguing that this Court can exercise supplemental jurisdiction over the claims.

## II. STANDARD

This Court, like all federal courts, is a court of "limited jurisdiction." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013). It is authorized to hear only those cases falling within "one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). A federal court with subject matter jurisdiction over a claim also has "supplemental jurisdiction" over state law claims that are "so related to claims . . . within such original jurisdiction that they form part of the same case or

controversy under Article III." 28 U.S.C. § 1367(a). "The state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

"[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and . . . [must] satisfy itself as to the existence of its power to hear the case." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). The Court may consider matters outside the pleadings in ruling on a motion under Rule 12(b)(1). *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

## III. DISCUSSION

The Plaintiffs' claims against AMIC are state law claims between Alabama citizens.[5] Therefore, neither federal question jurisdiction nor diversity jurisdiction exists over the claims. *See* 28 U.S.C. §§ 1331–32. Accordingly, federal jurisdiction would only be proper if the claims meet the criteria for supplemental jurisdiction set forth in 28 U.S.C. § 1367. Plaintiffs cited no binding authority for the proposition

---

[5] Plaintiffs are Alabama citizens, and AMIC is an Alabama corporation and, therefore, an Alabama citizen.

that supplemental jurisdiction does or does not exist in these circumstances, and this Court's independent research revealed none. The claims against AMIC arguably share a "common nucleus of operative fact" with Plaintiffs' § 1983 claims, in that they all concern the alleged intentional or negligent acts and omissions of the individual Defendants. It is less certain, however, whether all of the claims would be expected to be tried together in a single proceeding. *See Gibbs*, 383 U.S. at 725. The claims against AMIC center on issues of insurance coverage and AMIC's status as an insurer for a municipality, all of which is separate and distinct from the underlying tort claims over which the Court has original jurisdiction. This fact suggests that the exercise of supplemental jurisdiction may not be appropriate.

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Id.* at 726. Thus, even assuming that the requirements of § 1367(a) are satisfied, this Court may nonetheless decline to exercise supplemental jurisdiction over the claims against AMIC if:

> (1) the claim[s] raise[] a novel or complex issue of State law, (2) the claim[s] substantially predominate[] over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." *Parker*

*v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). To determine whether to dismiss the state law claims, this Court must weigh the factors outlined by the Supreme Court in *Gibbs*: "judicial economy, convenience, fairness, and comity." *See Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 537 (11th Cir. 2015).

Section 1367(c) provides a basis for this Court to dismiss Plaintiffs' supplemental claims against AMIC. First, the claims raise novel and complex issues of state law. *See* 28 U.S.C. § 1367(c)(1). Each Plaintiff brings a "Contingent Claim for Money Damages" (Count X) against AMIC where she alleges that AMIC is a shell or "fronting company," and she therefore requests a money judgment against AMIC and a declaration that she is an "assignee of AMIC's rights under AMIC's reinsurance agreements or treaties, such that [she] may have a recovery on a cut-through basis." Although state tort claims are generally not considered novel or complex, *see Parker*, 468 F.3d at 743, Count X is a far cry from a typical tort claim such as assault or battery. It is also complex in that it hinges on whether AMIC, an insurer that provides coverage to municipalities, is a shell corporation whose existence is merely a front for private reinsurers, a determination that implicates matters of local municipal policy. Resolving the claim would require the Court to unnecessarily make decisions of state law, which the Supreme Court has admonished

courts to avoid "both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726. In sum, this Court concludes that an Alabama state court would be better suited to hear and decide this novel and complex state law claim.

There are other "compelling reasons" for this Court to decline to exercise jurisdiction, *see* 28 U.S.C. § 1367(c)(4), one of which being the pending state court action. Although the state court action does not presently involve the exact same parties, it does seek to resolve a question common to all parties in this action: whether AMIC has a duty to defend or indemnify the Defendants from claims involving intentional conduct and sexual abuse. Therefore, given that parallel proceedings are underway in state court, adjudication of Plaintiffs' declaratory judgment action in this Court would be a waste of judicial resources. Additionally, Plaintiffs are not parties to AMIC's insurance policy covering the City of Jasper and thus are not insured under it. Therefore, another "compelling reason[]" to decline jurisdiction is that it is not clear that Plaintiffs, as tort claimants, have Article III standing to sue the tortfeasors' insurer for a declaration of coverage prior to the entry of a judgment against the tortfeasors. It appears that the Eleventh Circuit has not addressed this question, but at least two federal courts have concluded that persons not insured by an insurance policy lack standing in these circumstances, at least with

respect to the duty to defend. *See Allstate Ins. Co. v. Wayne Cty.*, 760 F.2d 689, 695 (6th Cir. 1985) (holding that plaintiffs lacked standing to assert insurance company's duty to defend insured because plaintiffs would suffer no injury if insurance company was not required to defend); *Canal Ins. Co. v. Cook*, 564 F. Supp. 2d 1322, 1326 (M.D. Ala. 2008) (holding that, "as a general rule, a person has no standing to assert, under an insurance policy to which he is not a party and thus under which he is not insured, the insurer has a duty to defend the insured"). While neither decision is binding on this Court, this Court mentions them to illustrate that the existence of Plaintiffs' Article III standing should not be taken for granted.

Finally, the *Gibbs* factors—judicial economy, comity, convenience, and fairness—weigh in favor of dismissing the state law claims against AMIC. It is clear to the Court that exercising jurisdiction over these claims would require extensive litigation concerning issues of insurance coverage and the novel state law issue raised in Count X, both of which are substantially distinct from the tort claims over which this Court has original jurisdiction. As stated previously, there is a pending state court action concerning AMIC's duty to defend and indemnify the City and its employees from claims of intentional conduct and sexual abuse. Therefore, dismissing the claims against AMIC would promote judicial economy by avoiding substantial duplication of this Court's resources on a matter that is already pending

before a state court.  Similarly, dismissal would serve comity by allowing a state court to decide claims brought by Alabama plaintiffs against an Alabama defendant involving novel applications of Alabama state law.

Considerations of convenience slightly favor retaining jurisdiction, in that it would be more convenient for the parties to try every claim in the same proceeding. Any inconvenience borne by the parties is relatively small, however, given that the state court action is pending in Walker County, Alabama, approximately one hour by car from this Court's Tuscaloosa chambers.  By contrast, considerations of fairness do not support the exercise of jurisdiction.  No one forced the Plaintiffs to seek a declaration of AMIC's coverage obligations or to bring their novel "Contingent Claim for Money Damages" in these federal lawsuits.  *Cf. Ameritox*, 803 F.3d at 539 (employing similar reasoning in declining to exercise supplemental jurisdiction). And "every litigant who brings supplemental claims in [federal] court knowingly risks the dismissal of those claims."  *Id.*  This Court therefore concludes that the *Gibbs* factors weigh against the exercise of jurisdiction and in favor of dismissal.

## IV.   CONCLUSION

For the reasons stated above, AMIC's motions to dismiss are hereby GRANTED, and the claims against AMIC in cases *Tessener v. Poe et al.*, 7:19-cv-01314-LSC; *Rainer v. Poe et al.*, 7:19-cv-01392-LSC; *Goodson v. Poe et al.*, 6:19-cv-

01399-LSC; and *Dunn v. Poe et al.*, 7:19-cv-01571-LSC are DISMISSED WITHOUT PREJUDICE.[6]  An Order consistent with this Opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on January 23, 2020.

L. Scott Coogler
United States District Judge

199335

---

[6] As this Court previously noted, AMIC has not yet been served in the latest member case, *Mann v. Poe et al.*, 7:19-cv-01961-LSC. This Court assumes that AMIC will file a motion to dismiss for lack of subject matter jurisdiction in *Mann* once it is served, and this motion would be due to be granted for the reasons explained herein.