FILED
2020 Jun-15 PM 01:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| STACEY BRIDGES,  )<br>  )<br>   Plaintiff,  )<br>  )<br> vs.  )<br>  )<br>J.C. POE, JR., *et al.*,  )<br>  )<br>   Defendants.  ) | 7:19-cv-00529-LSC |

| | |
|---|---|
| CHARITY TESSENER,  )<br>  )<br>   Plaintiff,  )<br>  )<br> vs.  )<br>  )<br>J.C. POE, JR., *et al.*,  )<br>  )<br>   Defendants.  ) | 7:19-cv-01314-LSC |

| | |
|---|---|
| JESSICA RAINER,  )<br>  )<br>   Plaintiff,  )<br>  )<br> vs.  )<br>  )<br>J.C. POE, JR., *et al.*,  )<br>  )<br>   Defendants.  ) | 7:19-cv-01392-LSC |

| | |  |
|---|---|---|
| WHITLEY GOODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 6:19-cv-01399-LSC |
| vs. | ) | |
| | ) | |
| J.C. POE, JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MEGAN DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 7:19-cv-01571-LSC |
| vs. | ) | |
| | ) | |
| J.C. POE, JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ALLISON MANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 7:19-cv-01961-LSC |
| vs. | ) | |
| | ) | |
| J.C. POE, JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF OPINION**

Before the Court is J.C. Poe ("Poe"), Deborah Johnson ("Johnson"), and the

City of Jasper's ("Jasper") (collectively "Defendants") joint Motion to Quash Service

of Process pursuant to Fed. R. Civ. P. 12(b)(4) and/or 12(b)(5) on defendant Dennis Buzbee ("Buzbee"). (Doc. 46 in *Bridges v. Poe et al.*, 7:19-cv-00529-LSC.) The motion is fully briefed and ripe for decision.  For the reasons stated below, the motion is due to be DENIED.

## I.     STANDARD OF REVIEW

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(4), "insufficient process," and/or Rule 12(b)(5), "insufficient service of process." *See* Fed. R. Civ. P. 12(b)(4)-(5).

A Rule 12(b)(4) or 12(b)(5) motion to dismiss challenges the court's personal jurisdiction over a defendant for insufficient process and insufficient service of process respectively. To invoke the court's personal jurisdiction on a defendant requires service of process; so, if a plaintiff fails to properly serve a defendant according to one of the methods of service in Rule 4, the court will, on a timely motion, dismiss all claims against the defendant. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). And, when a defendant challenges service of process, the plaintiff bears the burden of showing that the defendant was properly served under Rule 4. *Reeves v. Wilbanks*, 542 F. App'x 742, 746 (11th Cir. 2013) (citing *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)).

## II. BACKGROUND[1]

This consolidated matter comprises six separate actions brought by six individual plaintiffs against similar defendants and involving similar factual allegations and legal theories, all of which center on alleged systemic sexual harassment, abuse, and rape of female pretrial detainees at the Jasper City Jail.

The first case filed in federal court was *Bridges v. Poe et al.*, 7:19-cv-00529-LSC ("*Bridges*"), brought by Stacey Bridges ("Bridges") against the City of Jasper, Chief of Police J.C. Poe, Jr. ("Poe"), Jail Supervisor Deborah Johnson ("Johnson"), and Jailor Dennis Buzbee ("Buzbee")[2]. Bridges brings multiple claims under 42 U.S.C. § 1983 and Alabama tort law regarding the alleged sexual harassment, abuse, and rape she experienced at the Jasper City Jail.

After the filing of *Bridges* and the state court action, the other Plaintiffs—Tessener, Rainer, Goodson, Dunn, and Mann—filed their respective actions in federal court. Defendants include the City, Poe, and Johnson. Like in *Bridges*, each

---

[1] The following facts are taken from the Plaintiffs' complaints and Defendants' motion to quash service of process, and the Court makes no ruling on their veracity.

[2] Bridges' complaint and amended complaint list this Defendant's name as "Dennis Busby." However, this Court recently granted Bridges's motion to amend her complaint to correct the spelling to "Dennis Buzbee." As explained below, "Dennis Buzbee" is also the spelling reflected in a pending state court action involving these parties. Thus, this Court will refer to this Defendant as "Dennis Buzbee" without endorsing any view as to the correct spelling of his name.

Plaintiff brings multiple claims under 42 U.S.C. § 1983 as well as Alabama tort law regarding the alleged sexual harassment, abuse, and rape they experienced at the Jasper City Jail.

Plaintiff filed this lawsuit on April 3, 2019. (Doc. 1.) On April 5, 2019, Plaintiff requested that these defendants, as well as Defendant Buzbee, be served with process via certified mail. (Doc. 5.) On April 18, 2019, summonses were issued to these defendants, as well as Defendant Buzbee. (Doc. 7.) These defendants subsequently were served with process (doc. 8), but Defendant Buzbee was not served. On May 30, 2019, Plaintiff filed a First Amended Complaint. (Doc. 18.) On July 21, 2019, Plaintiff moved this Court to file a Second Amended Complaint for the purpose of correcting the spelling of Defendant Buzbee's last name from "Busby," as it had been spelled in Plaintiff's initial Complaint. (Doc. 23 at 2.)

On August 3, 2019, the 120-day limitation of time expired for Plaintiff to serve Defendant Buzbee. *See* Fed. R. Civ. P. 4(m). On January 22, 2020, this Court granted Plaintiff leave to file her Second Amended Complaint and directed her "to obtain service over Dennis Buzbee [no later than February 21, 2020]." (Doc. 28.) This Court's deadline of February 21, 2020, passed without Plaintiff filing a Second Amended Complaint or obtaining service over Defendant Buzbee. On February 26, 2020, these defendants filed a Motion to Dismiss Defendant Buzbee given

Plaintiff's delay of almost a year in serving Buzbee with process. On March 2, 2020, this Court conducted a telephone conference herein, during which (1) Plaintiff's counsel expressed the intent to still serve Buzbee, and (2) this Court advised that it would withhold ruling on the Motion to Dismiss for seven (7) days.

Following that telephone conference, Plaintiff filed a Second Amended Complaint, which she entitled as "First Amended Complaint." (Doc. 35 at 1.) Also, on March 2, 2020, Plaintiff filed an alias summons to be issued to Defendant Buzbee, identifying thereon his address as 1406 North Primrose Lane, Jasper, Alabama 35503. (Doc. 37.) On March 10, 2020, this Court ordered that before March 20, 2020, Plaintiff show cause why Defendant Buzbee should not be dismissed from this action. (Doc. 38.)

On March 12, 2020, Plaintiff filed a Return on Service, indicating that on March 3, 2020, her process server (whose signature on the Return is not legible) had served Defendant Buzbee with process via "Carla Buzbe[e] (mother)" at an unidentified address. (Doc. 43.) Even though Plaintiff's process server had been told by Carla Buzbee that Defendant Buzbee did not live at 1406 Primrose Lane in Jasper, the process server, in making the Return of Service, swore under oath and penalty of perjury that he had served Defendant Buzbee via Carla Buzbee as a person who resides in Defendant Buzbee's usual place of abode. (Doc. 43.)

According to Carla Buzbee's affidavit, Defendant Buzbee does not reside there. Additionally, Carla Buzbee states that she has not given to Defendant Buzbee the papers which the process server put in her hands-on March 3, 2020. Arguing this action has been pending for almost a year and the Plaintiff has still failed to serve Buzbee, the Defendants move the court to (1) to dismiss this action with prejudice as to Buzbee, and (2) to grant such other and different relief warranted by these circumstances.

On March 23, 2020, Defendants Johnson, Poe, and the City moved this Court under Fed. R. Civ. P. 12(b)(4) and/or 12(b)(5) to quash Plaintiff Bridges's purported service of process on Defendant Buzbee. (Doc. 46 in *Bridges v. Poe et al.*, 7:19-cv-00529-LSC.) The Defendants argue that the Plaintiff has failed to serve process on Defendant Buzbee by any of the permitted methods of service. Plaintiff filed a response in opposition to the motion to quash service of process. (Doc. 54 in *Bridges v. Poe et al.*, 7:19-cv-00529-LSC.)

### III. DISCUSSION

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Paradazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Challenges to service of process will be waived, however, if not raised under Federal Rule of Civil

According to Carla Buzbee's affidavit, Defendant Buzbee does not reside there. Additionally, Carla Buzbee states that she has not given to Defendant Buzbee the papers which the process server put in her hands-on March 3, 2020. Arguing this action has been pending for almost a year and the Plaintiff has still failed to serve Buzbee, the Defendants move the court to (1) to dismiss this action with prejudice as to Buzbee, and (2) to grant such other and different relief warranted by these circumstances.

On March 23, 2020, Defendants Johnson, Poe, and the City moved this Court under Fed. R. Civ. P. 12(b)(4) and/or 12(b)(5) to quash Plaintiff Bridges's purported service of process on Defendant Buzbee. (Doc. 46 in *Bridges v. Poe et al.*, 7:19-cv-00529-LSC.) The Defendants argue that the Plaintiff has failed to serve process on Defendant Buzbee by any of the permitted methods of service. Plaintiff filed a response in opposition to the motion to quash service of process. (Doc. 54 in *Bridges v. Poe et al.*, 7:19-cv-00529-LSC.)

### III. DISCUSSION

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Paradazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Challenges to service of process will be waived, however, if not raised under Federal Rule of Civil

Procedure 12. *See id.* Under Rule 12, a defendant must raise any challenge to the sufficiency of service of process in the first response to the plaintiff's complaint; i.e., the defendant must include the defense in either its pre-answer motion to dismiss, or if no pre-answer motion is filed, then the defense must be included in the defendant's answer. See Fed. R. Civ. P. 12(b), (g), (h).

Rule 12(b) enumerates seven defenses which may be asserted in a pre-answer motion or responsive pleading. Specifically, Rule 12(b)(4) provides for the defense of insufficient process. *See* Fed. R. Civ. P. 12(b)(4). Rule 12(b)(5) provides for the defense for insufficiency of service of process. *See* Fed. R. Civ. P. 12(b)(5). However, numerous courts have held that "[c]o-defendants do not have standing to assert improper service claims on behalf of other defendants," regardless of the alignment of their interests. *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 114-15 (S.D.N.Y. 2010); *see In re Grana y Montero S.A.A. Sec. Litig.*, No. CV171105, 2019 WL 259778, at *3 (E.D.N.Y. Jan. 9, 2019), *report and recommendation adopted*, No. 17CV1105, 2019 WL 1046627 (E.D.N.Y. Mar. 5, 2019); *Aqua-Chem, Inc. v. Bariven, S.A.*, No. 3:16-CV-553, 2017 WL 10379636, at *4 (E.D. Tenn. Aug. 17, 2017); *United States v. Stewart Mech. Enterprises, Inc.*, No. 3:10CV-712-S, 2012 WL 2312051, at *2 (W.D. Ky. June 18, 2012); *Sayles v. Pac. Engineers & Constructors, Ltd.*, No. 08-CV-676S, 2009 WL 791332, at *5 (W.D.N.Y.

Mar. 23, 2009); *see also Lawson v. Qingdao Taifa Grp. Co.*, No. 1:10-CV-753-JMS-DKL, 2013 WL 5303741, at *2-3 (S.D. Ind. Sept. 19, 2013) (garnishee defendant had no standing to assert that court had no personal jurisdiction over judgment defendant based on defective service); *Burnett v. Country Mut. Ins. Co.*, No. 12-CV-0019, 2013 WL 12234282, at *6 (W.D. Wis. May 3, 2013) ("[A] party may 'object to personal jurisdiction or improper service of process only on behalf of himself or herself, since the objection may be waived.'") (applying Wisconsin law, but, finding no case on point, citing case law in numerous jurisdictions); *In re Shelton Fed. Grp., LLC*, No. 15-00623, 2018 WL 4468331, at *2 (Bankr. D.D.C. Aug. 21, 2018) (defendant in adversary proceeding had neither constitutional standing nor prudential standing to contest service on debtor); *People v. Matthews*, 76 N.E.3d 1233, 1238-39 (Ill. 2016) ("[B]ecause objections to personal jurisdiction and improper service may be waived, a party may object to personal jurisdiction and improper service of process only on behalf of himself or herself.") (internal quotation marks omitted). Although this Court is not bound by these decisions, it is persuaded by their reasoning.

This Court acknowledges that service of process is a jurisdictional requirement. As such, "a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *See Paradazi*, 896 F.2d at 1317. If a

defendant challenges the service of process, he must do so according to the Federal Rule of Civil Procedure 12. *Id.*

Specifically, Rule 12(b)(4) provides for the defense of insufficient process. *See* Fed. R. Civ. P. 12(b)(4). Rule 12(b)(5) provides for the defense for insufficiency of service of process. *See* Fed. R. Civ. P. 12(b)(5). Mr. Buzbee has not challenged the service of process on his behalf under 12(b)(4) and/or 12(b)(5), nor given any reason why his own interests require the co-defendants to quash the service of process on his behalf. As in a number of the above-cited cases, this Court holds that these co-defendants do not have standing to assert improper service claims on behalf of Mr. Buzbee, regardless of the alignment of their interests. *See Madu*, 265 F.R.D. at 114-15. Therefore, this Court denies Defendants Johnson, Poe, and the City's motion to quash, without prejudice to Defendant Buzbee's right to make the same motion on his behalf.

## IV.   CONCLUSION

For the reasons set forth above, this Court denies the Defendants's motion to quash service of process on behalf of Defendant Buzbee.

**DONE** and **ORDERED** on June 15, 2020.

_____
L. Scott Coogler
United States District Judge

201416